O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**   Order GRANTING Defendants' Motions to Dismiss [5, 6, 10, 11, 17, 33]

Now before the Court are Defendants Home Budget Loans'; Mortgage Mart, Inc.'s; Gateway Title Co.'s; Fidelity National Title Company's; Chicago Title Co.'s; Commonwealth Land & Title Co.'s; Ticor Title Co.'s; Lawyers Title Co.'s;  M. B. Escrow, Inc.'s; Orange Coast Title's; and CitiMortgage, Inc.'s (erroneously named and sued as CitiBank) (collectively "Defendants") Motions to Dismiss and Motions for More Definite Statement.  Having considered the arguments made in support of and in opposition to the instant motions, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court GRANTS Defendants' Motions to Dismiss.  Defendants' Motions for More Definite Statement as therefore moot.

**I.     FACTUAL BACKGROUND**[1]

Plaintiff Samuel McNeil's ("Plaintiff") complaint is a sprawling, prolix and incoherent jumbling of allegations and legal conclusions.  Of what the Court can decipher from the Complaint, Plaintiff at one time owned two parcels of land located at 312 West 94th Street and 5445 11th Avenue, both in Los Angeles, California. (Complaint "Comp." ¶ 6, 25, 36-38.)  On or about October 22, 1979, Plaintiff's 94th Street property suffered fire damage that was covered by an insurance policy taken out by Plaintiff's mother, of which Plaintiff asserts he was unaware.

---

[1] Plaintiff's Complaint seems to be a compilation of a number of different documents, as the page numbering skips from 17 to 34, 35 back to 12, and 16 all the way back to 2.  In addition, some of the allegations are set off in separately numbered paragraphs, whereas others appear to be set forth in pages resembling  a recording of Plaintiff's stream-of-consciousness.  Nevertheless, the Court attempts to accurately cite the locations of Plaintiff's allegations.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

(Comp. ¶ 27, Exhibit "Ex." 4, 5.) Sometime immediately following the 94th Street fire, Plaintiff allegedly "made an offer of tender" to Defendant Home Budget Loans' ("HBL") representative, Mr. John Addis ("Addis"), in order to satisfy an outstanding $5,000 debt he owed HBL. (Comp. ¶ 23-24; Ex. 5.) According to Plaintiff, "the moment Addis was told about the fire, HBL was paid in full, but Addis instead refused "tender" and threatened Plaintiff with foreclosure. (Comp. ¶¶ 13, 25-27.)

On or about January 15, 1980, Plaintiff alleges that he was "forced to make a second loan with HBL." (Comp. ¶ 28; 12-13) This second loan was followed by a third loan "to repay the first and second loans," which was co-signed by Plaintiff's mother on May 18, 1980 because "she [had] no choice." (Comp. ¶ 29; 13.) On August 18, 1981 HBL foreclosed on Plaintiff's property. (Comp. ¶ 35.) That same day, Plaintiff filed for bankruptcy. (Comp., Ex. 10.) Defendant Mortgage Mart, Inc. ("Mart") acquired Plaintiff's property at the trustee sale. (Comp., Ex. 16.) Since the trustee sale, the property has continued to change hands, with some of the defendants appearing to have requested the recording of these transfers. (Comp., Ex. 27-33.)

## II. LEGAL STANDARD

### A. RULE 8 PLEADING REQUIREMENTS

Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1 969); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Id.* at 1179 ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]"); *McHenry v. Renne*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d at 1179.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

B.  RULE 12(B)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a party's motion to dismiss when the complaint fails "to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Where a plaintiff is *pro se*, the complaint must be construed liberally, affording the plaintiff the benefit of any doubt as to whether a claim has been sufficiently pled. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To survive a 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even considering the less stringent standards to which *pro se* plaintiffs are held, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations omitted). In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S. Ct at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). When the face of the complaint reveals that a claim is barred by the applicable statute of limitations, the plaintiff will fail to state a claim. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**III. DISCUSSION**

A.  PLAINTIFF'S COMPLAINT FAILS TO MEET THE RULE 8 PLEADING STANDARDS

The Court first notes that Plaintiff's largely incomprehensible Complaint falls well short of meeting Rule 8's mandates. As written, it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which Defendants and for what reasons. In fact, though Plaintiff names fifteen defendants, and then lists damages he feels should be assessed against them, Plaintiff never again mentions a single one of these defendants (other than HBL) or alleges that they in any way took part in the events surrounding the 1981 foreclosure of his property. Plaintiff's Complaint therefore fails to provide these Defendants proper notice of the claims asserted against them, and as such, does

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

not afford these Defendants a fair opportunity to formulate a response. The Court would therefore be justified in dismissing Plaintiff's Complaint in its entirety. However, out of an abundance of caution, the Court will still attempt to discern and examine the claims Plaintiff purports to have alleged.

    B.    INDIVIDUAL CLAIMS

        1.    *Federal Claims*

Plaintiff seems to have attempted to allege that HBL single-handedly violated a number of federal laws, including (1) the criminal bankruptcy statute (18 U.S.C.A. 152); (2) the Racketeer Influenced and Corrupt Organizations ("RICO") statute (18 U.S.C.A. 1961(6)); (3) the Sherman Anti-Trust Act of 1890 (15 U.S.C.A. 1, 2); (4) the full faith and credit statute (28 U.S.C.A. 1738); and the federal civil rights statute (42 U.S.C. 1983).

            a.    Alleged Violations of the Criminal Bankruptcy Statute

Plaintiff alleges that "HBL concealed assets of a debtor in violation of 18 U.S.C.A. 152." (Comp. ¶ 36.) 18 U.S.C.A. 152 is a criminal statute that confers no explicit private right of action that Plaintiff may assert. Yet, even where a statute does not expressly provide for a private right of action, one may still exist if "the legislature [showed] an intent, either explicitly or implicitly, to create a private remedy" and "finding an implied cause of action [is] consistent with the underlying purposes of the statute." *See Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir.1991) (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975) (providing a four pronged analysis for determining whether a criminal statute confers a private right of action, but concluding that "an evaluation of the other elements is not necessary if the court finds that Congress did not intend to create a private right of action"). The language of the criminal bankruptcy statute does not evince an intent to create a civil action for damages. Additionally, Plaintiff does not offer, nor has this Court been able to locate any precedential or legislative materials suggesting that a private right of action was intended or even contemplated under this statute. Thus, the Court is inclined to find that no such right exists. As such, Plaintiff cannot, as a matter of law, assert a claim for relief under this statute. This claim is therefore DISMISSED WITH PREJUDICE.[2]

---

    [2] The Court notes that Plaintiff also mentions wire and mail fraud. (Comp., Summary, ¶ VII.) To the extent that Plaintiff asserts this as a claim for relief as well, this claim is DISMISSED WITH PREJUDICE on the same grounds. The Court also notes that nowhere in Plaintiff's Complaint does Plaintiff discuss Defendants' use of wires or mail, and thus the claim would fail in any event.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

      b.      Alleged RICO Violations

      Plaintiff asserts that HBL committed a RICO violation when they "created unlawful debts under 18 U.S.C.A. 1961(6)." (Comp. at 34.) Section 1961(6) defines "unlawful debts" as those "incurred or contracted in gambling activity" in violation of United States law. 18 U.S.C.A. 1961(6). Plaintiff does not even intimate that any of the events giving rise to his claims involved gambling, and thus, he utterly fails to sufficiently suggest the makings of a claim under this section. Because it is clear that Plaintiff's claims in no way involve gambling, Plaintiff cannot amend his Complaint to state this claim. As such, this claim is hereby DISMISSED WITH PREJUDICE. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 7226 (9th Cir .2000) (noting the district court properly dismissed plaintiff's action without leave to amend because amendment of the complaint would be futile).

      c.      Alleged Sherman Anti-Trust Act Violations

      Plaintiff also alleges that "HBL violated the Sherman Anti-Trust Act to acquire Plaintiff's property" with Addis's alleged "refusal of tender." (Comp. at 34; ¶ 25.) In order "[t]o state a claim under . . . 15 U.S.C. 1, claimants must plead . . . (1) a contract, combination or conspiracy. . . (2) by which the persons or entities intended to harm or restrain trade or commerce . . . (3) which actually injures competition." *William O. Gilley Enterprises, Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 669 (9th Cir. 2009) (quoting *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1047 (9th Cir. 2008)). First, assuming Addis did in fact refuse Plaintiff's tender, this alone cannot sustain a claim under this section, as there is no indication that any other party was involved in that refusal. Plaintiff therefore fails to allege the element of contract, combination or conspiracy. Further, Plaintiff fails to allege any facts indicating that any Defendant intended to harm or restrain trade or commerce, or that any competition was injured by the sale of his property.

      Alternatively, to state a claim under 15 U.S.C. 2, a plaintiff must plead "the possession of monopoly power in the relevant market and .... the acquisition or perpetuation of this power by illegitimate 'predatory' practices." *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 567 F.3d 1084, 1093 (9th Cir. 2009). While Plaintiff may be said to have accused HBL of predatory practices, at least in relation to him, in securing loans subsequent to his offer of tender on the original $5,000 loan, Plaintiff offers no factual allegations even remotely touching upon a purported "monopoly" that HBL possessed in any relevant market.

      Even assuming Plaintiff sufficiently pled a Sherman Anti-Trust claim, the claim appears to be time barred. An action for damages for an anti-trust violation must be "commenced within

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

four years after the cause of action accrued." 15 U.S.C. § 15b. HBL foreclosed on Plaintiff's property nearly twenty-nine years ago, and Plaintiff offers no reason why this claim should be considered timely. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (placing the burden of alleging facts giving rise to the tolling of a statute of limitations on the plaintiff).[3] Plaintiff's Sherman Anti-Trust claim is therefore DISMISSED, with leave to amend.

            d.       Alleged Violation of the Full Faith and Credit Statute

Plaintiff alleges violations of 28 U.S.C.A. 1738, the full faith and credit statute. This statute provides that the authenticated acts, records and judicial proceedings of any state "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C.A. § 1738. However, the Court is unable to discern from Plaintiff's Complaint how this statute was violated by HBL (or any of the defendants for that matter) or to what exactly Plaintiff seeks to afford full faith and credit. Indeed, an allegation of the "violation" of this statute on page 3 of the Complaint makes no sense when considered in conjunction with the fact that elsewhere in the Complaint (pages 9 and 10), Plaintiff asks this court to set aside other state court proceedings as void with nothing but legal conclusions as grounds. Nonetheless, even if a judgment had not been given the full faith and credit due, which Plaintiff does not anywhere allege, the Court has been unable to locate any authority for the proposition that such a "violation" could be the basis of an actual claim against Defendants. Therefore, Plaintiff utterly fails to state a cognizable legal theory entitling him to relief. This claim is therefore DISMISSED WITH PREJUDICE.

            e.       Alleged Civil Rights Violations

Plaintiff makes various references to purported civil rights violations. Notwithstanding the fact that Plaintiff does not assert this claim against any particular Defendant or explain how any of his rights were violated, Plaintiff fails to plead the essential element of state action. *See Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002) (requiring Plaintiff to sufficiently plead that private actor engaged in state conduct in order to assert a civil rights claim). Further, because Plaintiff's Complaint makes clear that (1) no state actors were involved in the events giving rise to his claims and (2) none of the private actors he is suing were acting on behalf of the state, Plaintiff cannot amend the Complaint to include an allegation of state action. Accordingly, Plaintiff's civil rights claim is DISMISSED WITH PREJUDICE.

---

[3] In fact, the statutes of limitations on all of of the claims the Court is able to discern seem to have run, and Plaintiff offers no reason why this Court should consider any of them timely.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

  2.  *State Law Claims*[4]

  Plaintiff also attempts to assert various state law claims, including: (1) intentional infliction of mental pain and suffering, (2) conspiracy, (3) fraud on the court, (4) void judgment, (5) lack of jurisdiction, (6) preliminary injunction, (7) ejectment, (8) summary eviction, (9) judgment by fraud, (10) fraudulent conveyance, and (11) illegal business compulsion.

    a.  Intentional Infliction of Emotional Pain and Suffering

  Plaintiff asserts a claim for intentional infliction of mental pain and suffering against all Defendants. The Court construes this as a claim for intentional infliction of emotional distress. In order to successfully plead this claim, plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (as amended) (quotation omitted). "Outrageous" conduct is that which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 856. In California, the statute of limitations for bringing an intentional infliction of emotional distress claim is two years. Cal. Code Civ. Proc. § 335.1.

  Plaintiff makes no mention of any conduct, outrageous or otherwise, perpetrated against him by any Defendant, other than HBL. Indeed, judging by the Complaint and attached exhibits, it would seem that none of the Defendants, other than HBL, ever dealt directly with Plaintiff. As such, it would be impossible for them to have committed any conduct with any intent or reckless disregard for causing him emotional distress. Further, while HBL's foreclosure might have upset Plaintiff, Plaintiff does not plead any facts consistent with severe or extreme emotional distress, nor facts sufficient to allege that the foreclosure exceeded "all bounds of that usually tolerated in a civilized community." Therefore, this claim is DISMISSED with leave to amend.

    b.  Conspiracy

---

  [4] Plaintiff inserts seemingly unrelated citations to various other federal statutes throughout the Complaint. However, because the Court is unable to discern any factual allegations supporting these seemingly random citations of law or to which of the defendants they apply, the remainder of Plaintiff's citations to federal statutes do not merit discussion at this time.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

"[A] civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act." *Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 757-58 (Cal. Ct. App. 1995) (quotation omitted). "Civil conspiracy is not an independent tort," but rather a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Id.* (internal citations and quotations omitted). Defendants must have actual knowledge a tort is planned, know of its unlawful purpose, concur in the scheme, and intend to aid in the tort's commission. *Id.* (citations omitted). "In order to state a [claim] based upon a conspiracy theory, the plaintiff must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts. In alleging a conspiracy [claim], bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient. *State ex rel. Metz v. CCC Information Services, Inc.*, 57 Cal. Rptr. 3d 156, 168 (Cal. Ct. App. 2007).

Apparently, Plaintiff attempts to assert a civil conspiracy claim against all eleven Defendants. He included "conspiracy" on the caption page and in the "list of damages section" of his Complaint. (Comp. ¶¶ 54-68.) However, Plaintiff has failed to allege *any facts* consistent with *any of the elements* required to state a civil conspiracy claim. Nothing in the Complaint indicates any Defendants formed a group or agreed with each other to commit a tortious act. As a result, Plaintiff's civil conspiracy claim amounts to nothing more than a bare legal conclusion and must be dismissed.

Plaintiff also references California Penal Code § 182 in an apparent attempt to allege that one or more of Defendants committed criminal conspiracy. (Comp. at 14-15.) "The People of the State of California are the plaintiff in every criminal proceeding (Pen. Code § 684), and the public prosecutor has the sole responsibility to represent the People of the State of California in the prosecution of criminal offenses." *Guillory v. Superior Court*, 72 P.3d 815, 817 (Cal. 2003) (citing *Dix v. Superior Court*, 53 Cal. 3d 442, 451 (Cal. 1991)). Thus, Plaintiff lacks standing to bring such a claim. Therefore, to the extent that Plaintiff was attempting to plead a claim for criminal conspiracy, that claim is DISMISSED WITH PREJUDICE. Plaintiff's civil conspiracy claim, on the other hand, is DISMISSED with leave to amend.

        c.      Fraud on the Court

In California, "[t]he final judgment of a court having jurisdiction over persons and subject matter can be attacked in equity after the time for appeal or other direct attack has expired only if the alleged fraud or mistake is extrinsic rather than intrinsic." *In re Marriage of Stevenot*, 202 Cal. Rptr. 116, 123 (Cal. Ct. App. 1984) (citation omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

> Fraud [] is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been kept in ignorance thereof or has been prevented from fully participating therein, there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic . . . .

*Westphal v. Westphal*, 126 P.2d 105, 106-07 (Cal. 1942).

Similarly, "Federal Rule of Civil Procedure 60(b) preserves the district court's right to hear an independent action to set aside a judgment for fraud on the court . . . [in] cases of injustices . . . deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 779 (9th Cir. 2003) (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quotations omitted). The Ninth Circuit defines fraud on the court narrowly stating it includes "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 779 (9th Cir. 2003) (citation and quotations omitted). "Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court." *Id*.

Plaintiff's fraud on the court claim is simply unintelligible. Plaintiff alleges that he filed for bankruptcy on August 18, 1981 (Comp., Ex. 10), and that thereafter "HBL appeared in superior Court and bankruptcy court after a refusal of tender, with loans made under false pretense and unlawful debts under 18 USCA 1961(6) for court enforcement [sic] this is fraud on the court as well as fraud in the procurement of judgment." Plaintiff also alleges "HBL *used* fraud on the court." (Comp. at 35 ¶ X.) However, nowhere does Plaintiff indicate exactly which judgment provides the basis for this claim.

In any event, Plaintiff's Complaint makes perfectly clear the fact that he was never "prevented from fully participating" in any of the events that were occurring around him, from securing his numerous loans, to the foreclosure of his property, to the bankruptcy proceedings which he himself seems to have initiated. This indicates that any fraud on the court, if indeed committed (which the Court certainly does not find, nor does the Plaintiff sufficiently plead), was intrinsic at best, and therefore insufficient to constitute fraud on the court as a matter of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

California law.  Similarly, because "non-disclosure or perjury by a party or witness does not, by itself, amount to fraud on the court" as noted above, even loans secured by HBL under false pretenses would legally fail to satisfy this standard .  Accordingly, Plaintiff's claim for fraud on the court fails to state a claim upon which relief maybe granted, and is DISMISSED WITH PREJUDICE.

> d.     Void Judgment

Plaintiff repeatedly claims that "HBL's judgment is void on its face" and asks that this Court set aside such judgment.  (*See e.g.* Comp. at 10-11 ¶ 41-45.)  Again, however, Plaintiff never specifies a particular judgment he wishes to have set aside.  The Court views this claim as nothing more than a restatement of Plaintiff's fraud on the court claim.  Accordingly, and for the reasons discussed above, Plaintiff's void judgment claim is DISMISSED WITH PREJUDICE.

> e.     Lack of Jurisdiction

Plaintiff's lack of jurisdiction claim must be dismissed because it lacks sufficient facts to support a cognizable legal theory.  *See Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In attempting to state this claim, Plaintiff states "Defendant HBL's judgment is void under 28 U.S.C.A. 1738 for lack of jurisdiction."  (Comp. at 35.)  At another point in his complaint, Plaintiff propounds "[t]his is federal subject matter and should hve [sic] been heard in district court; superior court lacks jurisdiction over bankruptcy matters. 11 USCA 1334.  Judgment is void for lack of jurisdiction."  (Comp. at 10 ¶ 42.)  Again, however, Plaintiff fails to identify a particular case or judgment over which any prior court lack jurisdiction. Without such information, this claim is utterly unintelligible.  Because Plaintiff fails to state a cognizable legal theory, his claim for lack of jurisdiction is DISMISSED with leave to amend.

> f.     Preliminary Injunction

Preliminary injunctive relief is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).  When considering whether or not to grant a preliminary injunction, a district court should "balance[] the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor Inc., v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).  A party seeking preliminary injunctive relief must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor.  *See id.*; *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d at 786.  "These

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

two alternatives represent 'extremes of a single continuum,' rather than two separate tests . . . Thus, the greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel Outdoor Inc.*, 340 F.3d at 813 (citing *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999)).

First, Plaintiff fails to indicate exactly what relief he seeks. Plaintiff states, "injunction is needed to protect and preserve plaintiff's property rights," and "[p]reservation . . . returns the parties to the position they held prior to the controversy, prior to the controversy plaintiff was debt free from HBL and in possession of his property." (Comp. at 3 ¶ 4.) However, immediately thereafter Plaintiff states "The controversy began when HBL refused tender, made fraudulently induced loans, and foreclosed." (Id.) Although Plaintiff's home was foreclosed upon and sold on August 18, 1981 and has changed hands several times since, (Compl., Ex. 6, 27-33), Plaintiff's conflicting statements render his demand for injunctive relief completely indecipherable. Moreover, Plaintiff fails to allege facts indicating he has *any* chance of success on the merits, let alone facts sufficient to demonstrate his success is probable. Nor does he provide any facts indicating he may suffer irreparable injury unless the Court grants relief. Accordingly, Plaintiff's preliminary injunction claim is DISMISSED with leave to amend.

        g.      Ejectment

Ejectment is an action to recover possession of real property wrongfully withheld, but has been largely superceded by other actions, including quiet title and unlawful detainer. 5 Wit. Proc. Ch. V, § 634. To the extent ejectment remains a viable claim, "[a] complaint in ejectment need show no more than that at the time of the commencement of the action[,] the plaintiff is entitled to the possession of the demanded premises, and that the same is unlawfully withheld from him by the defendant." *Kirsch v. Brigard*, 63 Cal. 319, 322 (Cal. 1883). To state a claim for ejectment, a plaintiff must plead: (1) "ownership of some interest in real property described 'with such certainty as to enable an officer, upon execution, to identify it,' (quoting Cal. Civ. Proc. Code § 455); (2) the defendant's possession and withholding; [and,] (3) [d]amage to the plaintiff, if any." 5 Wit. Proc. Ch. V, § 635 (citations omitted).

Plaintiff discusses ownership of two pieces of real property in his Complaint. (Comp. ¶ 6, 25, 36-38.) At one point, Plaintiff claims that he "has a legal title and legal deed and superior title to that of defendant's title," and that "[D]efendants are mere trespassers with no legal right to possession." (Comp. at 16 ¶ 7-8.) However, Plaintiff fails to specify whether he is claiming to own one of the two parcels or both. Worse yet, other statements in Plaintiff's Complaint, as well as exhibits Plaintiff has attached to his Complaint, appear to contradict his claim of ownership. (*See* Comp., Ex. 16 indicating the two parcels Plaintiff discusses were sold at a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

trustee's sale on August 18, 1981, after which a Trustee's Deed upon Sale was recorded September 4, 1981.) Moreover, Plaintiff fails to allege which Defendant is in possession of the property or properties he claims to own. Accordingly, Plaintiff's ejectment claim is DISMISSED with leave to amend.

      h.      Summary Eviction

Summary eviction is the remedy in an action to regain possession of real property by removal of a holdover tenant or a prior owner refusing to surrender property sold at a foreclosure sale. *See* Cal. Code Civ. Proc. § 1161 *et seq*. None of Plaintiff's allegations indicate he can state a claim for unlawful detainer or summary eviction. Thus, this claim fails as a matter of law. Accordingly, summary eviction claim is DISMISSED WITH PREJUDICE.

      i.      Judgment by Fraud

Plaintiff's judgment by fraud claim is simply a restatement of his fraud on the court and void judgment claims. Both of those claims have been dismissed. For those reasons discussed above, Plaintiff's judgment by fraud claim is DISMISSED WITH PREJUDICE.

      j.      Fraudulent Conveyance

Plaintiff attempts to state a claim for fraudulent conveyance under California Civil Code section 3439.[5] (Comp. at 35; 11-12 ¶¶ 49-53.) Plaintiff fails to plead any facts to support this claim or to assert the claim against any particular Defendant. Additionally, claims for fraudulent conveyance under section 3439, as well as common law fraudulent transfer claims, are time barred after seven years. *Roach v. Lee*, 369 F.Supp.2d 1194, 1199 (C.D.Cal. 2005) (citing *Macedo v. Bosio*, 104 Cal. Rptr. 2d 1, 5 (Cal. Ct. App. 2001)). Plaintiff's fraudulent conveyance claim is therefore DISMISSED with leave to amend.

      k.      Illegal Business Compulsion

---

[5] Plaintiff also seems to attempt to assert a comparable federal claim under the Fraudulent Conveyance Act, which he cites as "28 U.S.C.A. 1291, 1332." (Comp. At 35.) However, neither statute provides a basis for Plaintiff's fraudulent conveyance claim.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

"[D]uress is not limited to threats against the person.  It may also consist of threats to business or property interests."  *Louisville Title Ins. Co. v. Surety Title & Guar. Co.*, 132 Cal. Rptr. 63, 78 (Cal. Ct. App. 1976) (citations omitted).  Illegal business compulsion, or "economic duress, [applies] when one party has done a wrongful act [] sufficiently coercive to cause a reasonably prudent person, faced with no reasonable alternative, to agree to an unfavorable contract.  The party subjected to the coercive act, and having no reasonable alternative, can [] plead "economic duress" to avoid the contract."  *CrossTalk Productions, Inc. v. Jacobson*, 76 Cal. Rptr. 2d 615, 623 (Cal. Ct. App.1998) (citing *Leeper v. Beltrami*, 347 P.2d 12 (1959); *Rich & Whillock, Inc. v. Ashton Development, Inc.,* 204 Cal. Rptr. 86, 88-9 (Cal. Ct. App. 1984) (quotations omitted)).  "[T]he controlling rule in California . . . [regarding] . . . 'illegal business compulsion'" is that "there is no standard of courage or firmness with which the victim of duress must comply at the risk of being without remedy; the question is merely whether the pressure applied did in fact so far affect the individual concerned as to deprive him of contractual volition; if it did there is duress, if it did not there is none."  *Balling v. Finch,*  21 Cal. Rptr. 490, 493-94 (Cal. Ct. App.1962) (citations omitted).

Actions for fraud must be commenced within three years from the date the aggrieved party discovered the facts constituting the fraud.  Cal. Code Civ. Proc. § 338 (d).  Under California law,  "[D]uress is fraud for purposes of the statute of limitations."  *Leeper v. Beltrami*, 347 P.2d 12, 21 (Cal. 1959).  Thus, "section 338 is applicable where the gravamen of plaintiff's action is duress."  *Id.*  Therefore, "the statute of limitations for [filing] an action based on economic duress is three years**."**  MILCALRE § 34:5 (citing *Leeper v. Beltrami*, 347 P.2d 12).

Here, Plaintiff states "[o]n or about January 15, 1980, to prevent foreclosure and to repay the $5000 owed HBL, Plaintiff was forced to make a second loan with HBL," and that "[o]n or about May 18, 1980, to prevent foreclosure and to repay the first and second loans, Plaintiff was forced to make a third loan," and that his mother "[had] no choice."  (Comp. at 30 ¶ 28-29.)  Plaintiff concludes this "is illegal business compulsion [because] there was no freedom of contract, either take the loan or foreclosure."  (Id.)

First, Plaintiff fails to state facts sufficient to support a claim that his contractual volition was overcome.  More strikingly, however is that it is clear from the Complaint that Plaintiff's alleged injury arose more than three years before he filed this claim.  As a result, Plaintiff's action must fail "unless [plaintiff] can bring [himself] within some exception so as to have tolled the statute of limitations."  *Leeper v. Beltrami*, 347 P.2d at 21.  Oddly, on a page that appears to be the last page of the Compliant (despite being numbered page 2), and just above where Plaintiff signed the Complaint swearing to its veracity under penalty of perjury,  Plaintiff states: "Plaintiff recently learned of illegal business compulsion, fraud on the court . . . .."  (Comp. at 2.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7588 ODW (AJWx) | Date | May 13, 2010 |
|---|---|---|---|
| Title | *Samuel McNeil v. Home Budget Loans, et al.* | | |

Therefore, affording Plaintiff every possible benefit of the doubt as the Court is required to do, especially given Plaintiff's *pro se* status, the Court will extend Plaintiff an opportunity to amend this claim to allege facts indicating that the statute of limitations should be tolled. Plaintiff's claim for illegal business compulsion is therefore DISMISSED with leave to amend.

IV.   **CONCLUSION**

For the foregoing reasons, all of Plaintiff's discernable claims against all moving Defendants are hereby DISMISSED as explained above. To the extent that Plaintiff feels he is able to amend his complaint to sufficiently state any of those claims that were not dismissed with prejudice, he is granted leave to do so. Plaintiff is cautioned to heed the mandates of Rules 8 and 12(b)(6), and confine his amended complaint to short, plain statements of his claims, as well as keep in mind the effect of the statutes of limitations on all of his claims and his burden to plead equitable tolling. Restatements of the claims dismissed with prejudice herein will not be entertained. **Plaintiff shall have 20 days from the date of this Order to file an amended complaint.**

IT IS SO ORDERED.

: 00

Initials of Preparer   RGN